Bird v. Wiggins.

JOHN T. BIRD, executor, appellant,

v.

MATTHIAS J. WIGGINS et al., respondents.

1. The proceeding to require an executor to give security in the orphans court may be by an order to show cause without petition.

2. An executor gave his testator, during the latter's lifetime, a mortgage for moneys loaned, but, owing to the testator's illiteracy, the mortgage was never registered.—*Held*, that the residuary legatees might require him to give security because he neglected to have the mortgage registered after it came into his hands as part of the estate, and also because he claimed certain credits for payments thereon, which appeared to be false.

Appeal from order of Hunterdon orphans court.

*Mr. T. E. English,* for appellant.

*Mr. J. N. Voorhees,* for respondents.

THE ORDINARY.

The appeal brings up for consideration the legality of an order directing the executor to give security. The order was made under the one hundred and nineteenth section of the orphans court act (*Rev. 778*), on the application of the residuary legatees, and the grounds, as appears by the order to show cause, were that the executor was indebted by bond and notes to the estate; that his property was a scanty security for the indebtedness; that he had not caused the mortgage given to secure the bond to be registered or recorded, although requested by the residuary legatees to do so, and that the interest was in arrears for several years on the bond and notes. The appellant objects to the order appealed from, on the ground that the proceeding was not by petition, but by order to show cause, as the first proceeding; that the allegations of that order were insufficient, if proved, to war-

rant the order appealed from, and that, if sufficient, they were not established. There is no practice requiring that such an application shall be by petition. In this case the order to show cause stated the grounds of the application with sufficient distinctness and particularity. The testimony on which the orphans court made the order absolute is not before me. It appears not to have been taken down. The appellant, under an order of this court for leave to do so, took his own testimony, and on that and the exhibits, the cause is to be disposed of here. They disclose enough to warrant the order in question. The order to show cause was granted in July, 1881. It was made absolute on the 1st day of August following. The mortgage (which, it may be stated, is on the executor's wife's property) had not then been recorded, and it was not recorded until the 27th day of the latter month. It had not therefore been recorded or registered when it came into the hands of the appellant. He says he thought it had been. When produced by him in court there was endorsed on it a fraudulent certificate of record, which he professes to be unable to account for, but which probably was not put there by the testator, who appears to have been an illiterate person. An examination of the appellant's book of accounts offered in evidence by him (not to speak of the endorsements on the bond and notes) provokes grave question at least, not only as to his claims against the estate for goods &c. furnished, work done and money lent, but also as to his alleged payments on account of the money due on the bond, receipts wherefor are contained therein. The order in question will he affirmed, with costs.